IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HARBINGER CAPITAL PARTNERS )
MASTER FUND I, LTD., )
                                                 )
              Harbinger, )
                                                )
                                                )     C.A. No. 06-cv-00719-SLR
    v. )
                                                  )
DHB INDUSTRIES, INC., )
                                                 )
              Defendant. )

**ANSWER**

       Defendant DHB Industries, Inc. ("DHB"), by its undersigned attorneys, answers the Verified Complaint (the "Complaint") filed by Harbinger Capital Partners Master Fund I, Ltd. ("Harbinger") as follows:

**INTRODUCTION**

       1.     DHB denies the allegations contained in the first sentence of paragraph 1 of the Complaint, except admits that Harbinger alleges in the Complaint that DHB violated Section 14(c) of the Securities Exchange Act of 1934 (the "Exchange Act"). The allegations in the second sentence of paragraph 1 of the Complaint contain Harbinger's characterization of this action as to which no response is required. However, to the extent a response is deemed required, DHB denies the allegations contained in the second sentence of paragraph 1 of the Complaint.

       2.     DHB admits the allegations contained in the first sentence of paragraph 2 of the Complaint. DHB denies the allegations contained in the second sentence of paragraph 2 of the Complaint, except admits that there was a charge to third quarter earnings for fiscal year 2005 to account for the anticipated cost of implementing a Voluntary Replacement Program to

assist its customers who owned non-National Institute of Justice compliant Zylon(R) body armor and respectfully refers the Court to the Form 10-Q filed by DHB with the Securities and Exchange Commission (the "SEC") on November 9, 2005 for the quarter ended September 30, 2005 for its true and complete contents.

        3.     DHB denies the allegations contained in the first sentence of paragraph 3 of the Complaint, except admits that fifteen class action suits and four derivative actions were filed against DHB and certain of its officers and directors in the fall of 2005 in the United States District Court for the Eastern District of New York and respectfully refers the Court to those pleadings for their true and complete contents.  DHB admits the allegations contained in the second sentence of paragraph 3 of the Complaint.  DHB denies the allegations contained in the third sentence of paragraph 3 of the Complaint, except admits that it entered into a MOU of Understanding (the "MOU") to settle the class actions suits and derivative actions and respectfully refers the Court to the Form 8-K filed by DHB with the SEC on July 13, 2006 setting forth the material terms of the MOU.

        4.     DHB admits the allegations contained in the first sentence of paragraph 4 of the Complaint.  DHB denies the allegations contained in the second sentence of paragraph 4 of the Complaint, except admits that DHB last filed financial statements with the SEC on November 9, 2005 when it filed its Form 10-Q for the quarter ended September 30, 2005.  The allegations contained in the third sentence of paragraph 4 of the Complaint state legal conclusions as to which no responsive pleading is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in the third sentence of paragraph 4 of the Complaint.

5.      DHB denies the allegations contained in the first sentence of paragraph 5 of the Complaint.  DHB denies the allegations contained in the second sentence of paragraph 5 of the Complaint, except admits that on November 22, 2006 it mailed notice to its stockholders of an annual meeting to be held on December 5, 2006 (the "Annual Meeting").  The allegations contained in the third sentence of paragraph 5 of the Complaint state legal conclusions as to which no responsive pleading is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in the third sentence of paragraph 5 of the Complaint, except admits that DHB has "failed to distribute either an information statement or an annual report" in connection with the Annual Meeting.  DHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 5 of the Complaint.

6.      DHB denies the allegations contained in the first and second sentences of paragraph 6 of the Complaint.

## PARTIES

7.      DHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 7 of the Complaint, except admits that Harbinger is a beneficial owner of common stock of DHB.

8.      DHB admits the allegations contained in the first sentence of paragraph 8 of the Complaint.  DHB denies the allegations contained in the second sentence of paragraph 8 of the Complaint, except admits that DHB "develops, manufactures and distributes bullet and projectile-resistant garments and related ballistic accessories and technologies for the United States military and law enforcement agencies."

3

**JURISDICTION AND VENUE**

9.     The allegations in the first sentence of paragraph 9 of the Complaint contain Harbinger's characterization of this action as to which no response is required. However, to the extent a response is deemed required, DHB denies the allegations contained in the first sentence of paragraph 9 of the Complaint.  The allegations contained in the second sentence of paragraph 9 of the Complaint state legal conclusions as to which no responsive pleading is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in the second sentence of paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint state legal conclusions as to which no responsive pleading is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 10 of the Complaint.

11.     The allegations contained in paragraph 11 of the Complaint state legal conclusions as to which no responsive pleading is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 11 of the Complaint, except admits that DHB is incorporated in the State of Delaware.

**FACTS COMMON TO ALL COUNTS**

12.     DHB admits the allegations contained in the first sentence of paragraph 12 of the Complaint.  DHB denies the allegations contained in the second sentence of paragraph 12 of the Complaint, except admits that David H. Brooks and his family are stockholders of DHB.

13.     DHB admits the allegations contained in the first sentence of paragraph 13 of the Complaint.  DHB denies the allegations contained in the second sentence of paragraph 13 of the Complaint, except admits that DHB reported increased sales of its body armor to state and local law enforcement agencies during fiscal year 2004, that DHB reported it was a party to

purchasing contracts with the U.S. military, and that DHB reported its net sales and gross profits increased in fiscal year 2004 and respectfully refers the Court to the Form 10-K filed by DHB with the SEC on March 17, 2005 for the fiscal year ended December 31, 2004 for its true and complete contents and as further response states that on August 18, 2006 DHB filed a Form 8-K with the SEC stating that the previously issued financial statements for the fiscal years ended December 31, 2004 and December 31, 2003 should no longer be relied upon.

14.    DHB denies the allegations contained in the first sentence of paragraph 14 of the Complaint, except admits that on August 30, 2005 it publicly announced that it would be implementing a Voluntary Replacement Program to assist its customers who owned non-National Institute of Justice compliant Zylon(R) body armor and respectfully refers the Court to the Form 8-K filed by DHB with the SEC on August 31, 2005 for its true and complete contents. DHB denies the allegations contained in the second and third sentences of paragraph 14 of the Complaint, except admits that there was a charge to third quarter earnings for fiscal year 2005 to account for the anticipated cost of implementing a Voluntary Replacement Program to assist its customers who owned non-National Institute of Justice compliant Zylon(R) body armor and respectfully refers the Court to the Form 10-Q filed by DHB with the SEC on November 9, 2005 for the quarter ended September 30, 2005 for its true and complete contents. DHB denies the allegations contained in the fourth sentence of paragraph 14 of the Complaint, except admits that the price of DHB common stock on December 27, 2004 was $22.70.

15.    DHB admits the allegations contained in first and second sentences of paragraph 15 of the Complaint.

16.    DHB denies the allegations contained in the first sentence of paragraph 16 of the Complaint, except admits that a consolidated class action complaint was filed against

DHB and certain of its officers and directors in the United States District Court for the Eastern District of New York (the "Consolidated Class Action") and respectfully refers the Court to the consolidated class action complaint for its true and complete contents. DHB denies the allegations contained in the second sentence of paragraph 16 of the Complaint, except admits that on August 17, 2006 Sandra Hatfield and Dawn Schlegel were indicted on charges of securities fraud and insider trading. DHB admits the allegations contained in the third sentence of paragraph 16 of the Complaint.

17.    DHB denies the allegations contained in the first sentence of paragraph 17 of the Complaint and respectfully refers the Court to the complaint filed in the Consolidated Class Action for its true and complete contents. DHB admits the allegations contained in the second sentence of paragraph 17 of the Complaint.

18.    DHB denies the allegations contained in paragraph 18 of the Complaint, except admits that a consolidated derivative complaint was filed against DHB and certain of its officers and directors in the United States District Court for the Eastern District of New York (the "Consolidated Derivative Action") and respectfully refers the Court to the consolidated derivative complaint for its true and complete contents.

19.    DHB denies the allegations contained in paragraph 19 of the Complaint, except admits that on July 10, 2006 DHB issued a press release stating that on July 7, 2006 DHB's board of directors placed David H. Brooks on administrative leave for an indefinite period of time and pending the outcome of federal, state and internal investigations.

20.    DHB denies the allegations contained in the first sentence of paragraph 20 of the Complaint, except admits that it entered into the MOU to settle the Consolidated Class Action and Consolidated Derivative Action and respectfully refers the Court to the Form 8-K

filed by DHB with the SEC on July 13, 2006. DHB denies the allegations contained in the second sentence of paragraph 20 of the Complaint, except admits that the Consolidated Class Action was settled for $34.9 million in cash, plus 3,184,713 shares of DHB common stock and respectfully refers the Court to the MOU for its true and complete contents. DHB denies the allegations contained in the third sentence of paragraph 20 of the Complaint, except admits that General (Ret.) Larry Ellis, Barry Berkman, Gary Nadelman, and Cary Chasin were members of DHB's board of directors at the time DHB entered into the MOU and were defendants in the Consolidated Derivative Action and would receive full releases under the terms of the proposed settlement, and that Barry Berkman, Gary Nadelman, and Cary Chasin were defendants in the Consolidated Class Action and would receive full releases under the terms of the proposed settlement. DHB denies the allegations contained in the fourth sentence of paragraph 20 of the Complaint, except admits that David H. Brooks and Terry S. Brooks are beneficial owners of shares of DHB common stock and respectfully refers the Court to the Schedule 13D/A filed by David H. Brooks with the SEC on September 12, 2006 for its true and complete contents.

21.    DHB denies the allegations contained in the first sentence of paragraph 21 of the Complaint, except admits that DHB is required to provide stockholders, under Section 14(c) of the Exchange Act, with certain information before an annual meeting. DHB denies the allegations contained in the second sentence of paragraph 21 of the Complaint.

22.    DHB denies the allegations contained in the first and second sentences of paragraph 22 of the Complaint, except admits that DHB filed a Form 8-K with the SEC on November 27, 2006 (the "November 27, 2006 Form 8-K") stating that it intended to hold the Annual Meeting and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents.

7

23.    DHB denies the allegations contained in paragraph 23 of the Complaint and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents.

24.    DHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 24 of the Complaint. DHB denies the allegations in the second sentence of paragraph 24 of the Complaint, except admits that that on November 22, 2006 it mailed notice of the Annual Meeting to its stockholders. DHB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 24 of the Complaint.

25.    DHB denies the allegations contained in the first sentence of paragraph 25 of the Complaint, except admits that the record date for the Annual Meeting was set for November 21, 2006 and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents. DHB denies the allegations contained in the second sentence of paragraph 25 of the Complaint, except admits that the cover of the November 27, 2006 Form 8-K states that the "Date of Report (Date of earliest event reported)" was November 22, 2006 and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents. DHB denies the allegations contained in the third sentence of paragraph 25 of the Complaint.

26.    DHB denies the allegations contained in paragraph 26 of the Complaint.

27.    The allegations contained in paragraph 27 of the Complaint state legal conclusions as to which no responsive pleading is required. However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 27 of the Complaint, except admits that the November 27, 2006 Form 8-K was filed with the SEC regarding the Annual

Meeting and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents.

28.     DHB denies the allegations contained in the first, fourth, and fifth sentences contained in paragraph 28 of the Complaint. DHB denies the allegations contained in the second sentence in paragraph 28 of the Complaint, except admits that the DHB board of directors expanded the board to 6 members on November 13, 2006, the DHB board of directors expanded the board to 8 members on November 22, 2006, Jack Henry was appointed director on November 13, 2006, and David Bell and Maurice J. Hannigan were appointed directors on November 22, 2006. DHB denies the allegations contained in the third sentence in paragraph 28 of the Complaint, except admits that a DHB stockholder would have to follow the rules promulgated by the SEC as well as DHB's bylaws and certificate of incorporation in order to properly nominate a slate of directors at the Annual Meeting.

## COUNT I
### (VIOLATION OF SECTION 14(C) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULES 14C-2 AND 14C-3 PROMULGATED THEREUNDER)

29.     DHB repeats and reincorporates its responses to paragraphs 1-28 of the Complaint as if fully set forth herein.

30.     The allegations contained in the first and second sentences of paragraph 30 of the Complaint state legal conclusions as to which no responsive pleading is required. However, to the extent responses are deemed required, DHB denies the allegations contained in the first and second sentences of paragraph 30 of the Complaint, except admits that the allegations contained in the first and second sentences of paragraph 30 of the Complaint describe generally, but not completely or accurately, a portion of Section 14(c) of the Exchange Act and

Rule 14c-2 promulgated thereunder. DHB respectfully refers the Court to Section 14(c) of the Exchange Act and Rule 14c-2 promulgated thereunder for their true and complete contents.

31.    The allegations contained paragraph 31 of the Complaint state legal conclusions as to which no responsive pleading is required. However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 31 of the Complaint, except admits that the allegations contained in paragraph 31 of the Complaint describe generally, but not completely or accurately, a portion of Section 14(c) of the Exchange Act and Rule 14c-3 promulgated thereunder. DHB respectfully refers the Court to Section 14(c) of the Exchange Act and Rule 14c-3 promulgated thereunder for their true and complete contents.

32.    The allegations contained in paragraph 32 of the Complaint state legal conclusions as to which no response is required. However, to the extent a response is deemed required, DHB admits that its notice to stockholders and Forms 8-K do not contain all information required by Section 14(c) of the Exchange Act and Rules 14c-2 and 14c-3.

33.    DHB denies the allegations contained in paragraph 33 of the Complaint, except admits that on November 22, 2006 it mailed notice of the Annual Meeting to its stockholders and that on November 27, 2006 DHB filed a Form 8-K with the SEC stating that it intended to hold an annual meeting on December 5, 2006, and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents.

34.    The allegations in paragraph 34 of the Complaint contain Harbinger's characterization of the relief it seeks in this action as to which no response is required. However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 34 of the Complaint.

35.    The allegations in paragraph 35 of the Complaint contain Harbinger's characterization of the relief it seeks in this action as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 35 of the Complaint.

36.    The allegations contained in paragraph 36 of the Complaint state legal conclusions as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations in paragraph 36 of the Complaint.

**COUNT II**
**(DECLARATORY RELIEF UNDER 8 DEL C. § 211)**

37.    DHB repeats and reincorporates its responses to paragraphs 1-36 of the Complaint as if fully set forth herein.

38.    The allegations contained in paragraph 38 of the Complaint state legal conclusions as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 38 of the Complaint, except admits that the allegations contained in paragraph 38 of the Complaint describe generally, but not completely or accurately, a portion of 8 *Del. C.* § 211.  DHB respectfully refers the Court to 8 *Del. C.* § 211 for its true and complete contents.

39.    DHB admits the allegations contained in paragraph 39 of the Complaint.

40.    The allegations contained in the first sentence of paragraph 40 of the Complaint state legal conclusions as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in the first sentence of paragraph 40 of the Complaint.  The allegations in the second sentence of paragraph 40 of the Complaint contain Harbinger's characterization of the relief it seeks in this action as to which no

response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in the second sentence of paragraph 40 of the Complaint.

41.     The allegations contained in paragraph 41 of the Complaint state legal conclusions as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 41 of the Complaint.

**COUNT III**
**(DECLARATORY RELIEF FOR VIOLATION OF 8 DEL. C. § 213)**

42.     DHB repeats and reincorporates its responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

43.     The allegations contained in paragraph 43 of the Complaint state legal conclusions as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 43 of the Complaint, except admits that the allegations contained in paragraph 43 of the Complaint describe generally, but not completely or accurately, a portion of 8 *Del. C.* § 213.  DHB respectfully refers the Court to 8 *Del. C.* § 213 for its true and complete contents.

44.     The allegations contained in paragraph 44 of the Complaint state legal conclusions as to which no response is required.  However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 44 of the Complaint, except admits that the allegations contained in paragraph 44 of the Complaint describe generally, but not completely or accurately, a portion of 8 *Del. C.* § 213.  DHB respectfully refers the Court to 8 *Del. C.* § 213 for its true and complete contents.

45.     DHB denies the allegations contained in paragraph 45 of the Complaint, except admits that the cover of the November 27, 2006 Form 8-K states that the "Date of Report

(Date of earliest event reported)" was November 22, 2006 and respectfully refers the Court to the November 27, 2006 Form 8-K for its true and complete contents.

      46.     DHB admits the allegations contained in paragraph 46 of the Complaint.

      47.     The allegations contained in paragraph 47 of the Complaint state legal conclusions as to which no response is required. However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 47 of the Complaint.

      48.     The allegations contained in paragraph 48 of the Complaint state legal conclusions as to which no response is required. However, to the extent a response is deemed required, DHB denies the allegations contained in paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Counts I and III of the Complaint are moot because the Annual Meeting scheduled for December 5, 2006 was postponed by DHB until further notice.

### Second Affirmative Defense

Harbinger's claims for injunctive relief related to the Annual Meeting scheduled for December 5, 2006 are moot because that Annual Meeting was postponed by DHB until further notice.

### Third Affirmative Defense

Harbinger is estopped from seeking an order compelling DHB to hold an annual meeting because Harbinger asserts that DHB should not hold an Annual Meeting until it can supply all of the information required under Section 14(c) of the Exchange Act and Rules 14c-2

and 14c-3, and DHB is not in a position, for reasons described in various public filings, to supply all of that information at this time.

Fourth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

Fifth Affirmative Defense

This Court lacks subject matter jurisdiction over Counts II and III because Count I is moot.

DHB reserves the right to assert other defenses and claims when and if it becomes appropriate during this action. DHB hereby specifically denies any allegations contained in the Complaint which were not specifically admitted.

**WHEREFORE**, DHB respectfully requests that (i) Harbinger take nothing by reason of its Complaint; (ii) no injunctive relief issue to Harbinger; (iii) Counts I and III of the Complaint be dismissed as moot; (iv) this Court enter a final judgment in DHB's favor in all respects, including an award for all of its costs and expenses (including reasonable attorneys' fees); and (v) DHB be granted such other and further relief as to which the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

R. Judson Scaggs, Jr. (#2676)
William M. Lafferty (#2755)
Jay N. Moffitt (#4746)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
    Attorneys for Defendant
    DHB Industries, Inc.

14

OF COUNSEL:

BRYAN CAVE LLP
Stuart A. Gordon
Kenneth L. Henderson
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

December 20, 2006

549302

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, which will send notification of such filing

to Anne C. Foster.

I further certify on December 20, 2006, I caused copies of the foregoing

document to be served upon the following in the manner indicated:

### BY HAND

Anne C. Foster (#2513)
Michael R. Robinson (#4452)
Daniel M. Silver (#4758)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Jay N. Moffitt (#4742)
jmoffitt@mnat.com
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendant
DHB Industries, Inc.